UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-0103 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| RONNIE G. REDDIX | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Ronnie G. Reddix ("Reddix"). Record Document 58. In his motion, Reddix argues his sentence is unconstitutional in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government opposes the motion as untimely and argues Reddix is not entitled to relief. Record Document 61.

For the following reasons, Reddix's motion [Record Document 58] is **DENIED** and **DISMISSED WITH PREJUDICE**.

### Background

On July 14, 2021, Reddix pleaded guilty to a one-count indictment charging him as being a prohibited person in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). *See* Record Documents 1 & 25. With a total offense level of 21 and criminal history category of VI, Reddix's Guidelines range was 77 to 96 months. Record Document 42 at 1.[1] The Court departed upward from Reddix's Guidelines range and imposed the

---

[1] Reddix's presentence investigation report initially found that Reddix's total offense level was 23. Record Document 38 at 18. However, at sentencing, the Court sustained Reddix's objection to the two-level enhancement applied under U.S.S.G. § 3C1.2 and orally amended the total offense level to 21. Record Document 40 at 1.

statutory maximum sentence of 120 months imprisonment and three years of supervised release. Record Document 41 at 2-3. The Court departed upward based on Reddix's criminal history, his personal characteristics, involvement in the offense, and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence to future criminal conduct, and as otherwise orally stated at sentencing. Record Document 42 at 2. The Fifth Circuit affirmed the Court's upward departure on appeal. *See* Record Document 46.

In the instant motion, Reddix argues that 18 U.S.C. § 922(g)(1) poses an unconstitutional burden on his right to bear arms and requests that the Court vacate his sentence. *See* Record Document 58 at 1.

## Law & Analysis

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*,

2

937 F.2d 228, 231-32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003).

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

Reddix's motion is untimely. Reddix did not file his § 2255 motion within one year of his judgment of conviction becoming final. Reddix's judgment of conviction was imposed on November 12, 2021. *See* Record Document 41. His conviction was then affirmed by the Fifth Circuit Court of Appeals on July 5, 2022. Record Document 46. Reddix's judgment of conviction became final on October 3, 2022, when his ninety-day period to seek further direct review of his conviction through a writ of certiorari expired. *See* Sup. Ct. R. 13. Therefore, Reddix's one-year period to file a § 2255 motion expired

3

on October 3, 2023. Reddix did not file the instant motion until February 27, 2025. *See* Record Document 58-1. Thus, Reddix's motion is not timely under § 2255(f)(1).

However, because Reddix invokes the Supreme Court's decision in *Bruen*, the Court considers whether *Bruen* could make Reddix's motion timely by satisfying the requirements of § 2255(f)(3).[2] It cannot. Even assuming *Bruen* announced a newly recognized right that was made retroactively applicable on collateral review,[3] Reddix's motion would still be untimely because he did not file within one year of the *Bruen* decision. *Bruen* was decided on June 23, 2022; Reddix's motion was filed over two years later on February 27, 2025. *See* 597 U.S. 1; *see also* Record Document 58-1. Thus, Reddix's motion is not timely under § 2255(f)(3). Because no other provision of § 2255(f) applies, Reddix's motion is untimely.[4]

---

[2] Reddix is a *pro se* defendant. Courts may liberally construe filings by *pro se* parties. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[3] Other district courts in this circuit have found that *Bruen* did *not* announce a new rule that was retroactively applicable to cases on collateral review. *See, e.g.*, *Kraut v. United States*, No. 18-0462, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024).

[4] A defendant can alternatively overcome the one-year bar by establishing a claim of "actual innocence." *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). Actual innocence refers to factual innocence, not legal innocence. *See Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992). To make an actual innocence argument, Reddix must at minimum allege facts showing that either he did not actually engage in the conduct for which he was convicted or the conduct he engaged in is no longer criminal. Reddix has not done so here.

Since *Bruen*, the Fifth Circuit has rejected facial and as-applied challenges to § 922(g)(1). *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024); *see also United States v. Greer*, No. 24-30558, 2025 WL 444417, at *1 (5th Cir. Feb. 10, 2025) (finding that defendant's facial challenge to § 922(g)(1) was foreclosed by *Diaz*). Further, claims of actual innocence are not "a free-standing ground for relief" but rather a procedural gateway to circumvent procedural barriers to relief under § 2255. *See United States v.*

### Conclusion

For the reasons assigned herein, Reddix's motion pursuant to 28 U.S.C. § 2255 [Record Document 58] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Reddix has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 9th day of June, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

*Hogan*, No. 19-0003-02, 2024 WL 4537154, at *2 (W.D. La. Oct. 21, 2024) (quoting *Scruggs*, 691 F.3d at 671). Reddix does not raise any other grounds for relief.